UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 8:25-cv-02174-KK-BFM | **Date:** | December 22, 2025 |

**Title:** *Sushant Gupta v. Christopher M. Brainard, et al.*

================================================================

Present: The Honorable **Brianna Fuller Mircheff, United States Magistrate Judge**

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order re: Motions for Default Judgment**

Pending before the Court are Plaintiff Sushant Gupta's Motions for Default Judgments (ECF 130, 133, 189, 190, 191, 192, 204). Three motions relate to the now defunct Intuitive Healing Institute, LLC. (ECF 130, 133, 204.) After the first motion was filed, Defendant Christopher M. Brainard filed a notice of non-service on the Intuitive Healing Institute, which attached documents showing that that entity dissolved in December 2024, and that Ms. Disalvo resigned as agent for service of process that same month. (ECF 139.) Two motions relate to Orange County entities. (ECF 189, 190.) Shortly after those motions were filed, those Defendants moved for relief from default, and Plaintiff opposed that relief. (ECF 193, 199.) The final two motions relate to the City of Buena Park and the Buena Park Police Department. (ECF 191, 192.)

The Court has reviewed all seven motions and concludes that no further briefing or argument is necessary, and declines to enter a default judgment with respect to any of the entities. With respect to three of the entities, moreover, Plaintiff is ordered to show cause why the Court should not recommend that they be dismissed from the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-02174-KK-BFM                     Date: December 22, 2025

Title: *Sushant Gupta v. Christopher M. Brainard, et al.*

===============================================================

### A.   Intuitive Healing Institute, LLC

As noted above, three of the motions concern Intuitive Healing Institute, LLC. (ECF 130, 133, 204.) After review of the filings and the docket, the motions are **denied.**

In deciding whether to grant default judgment, the Court must consider the sufficiency of the complaint and the merits of the substantive claim. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In evaluating those factors, a court takes the well-pleaded factual allegations as true but does not assume the correctness of the plaintiff's legal conclusions. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Here, Plaintiff has sued an LLC that he acknowledges was dissolved in December 2024. (ECF 204; *see also* ECF 139 at 9 (Certificate of Cancellation); *see also* Cal Sec'y of State Business Search, https://bizfileonline.sos.ca.gov/search/business (reflecting that Intuitive Healing Institute, LLC, is in terminated status).[1]

Capacity to be sued is a matter of state law. *See* Fed. R. Civ. P. 17(b)(3). Under California law, "[u]pon filing a certificate of cancellation . . . a limited liability company shall be canceled and its powers, rights, and privileges shall cease," including its power to sue and be sued, "except as provided in Section 17707.06 . . . ." Cal. Corp. Code § 17707.08(c). That section provides in relevant part that an LLC "that has filed a certificate of cancellation nevertheless continues to exist for the purpose of winding up its affairs, [and for] prosecuting

---

[1] The Court may, and here does, take judicial notice of the documents of the California Secretary of State. *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192 (C.D. Cal. 2015) (taking judicial notice of merger documents filed with the Delaware Secretary of State).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 8:25-cv-02174-KK-BFM | **Date:** | December 22, 2025 |

**Title:** *Sushant Gupta v. Christopher M. Brainard, et al.*

===============================================================

and defending actions by or against it in order to collect and discharge obligations . . . ." Cal. Corp. Code § 17707.06(a).

Thus, under California law, a dissolved LLC may not be sued except under limited circumstances—circumstances that do not appear to apply here. *Force v. Advanced Structural Techs., Inc.*, No. CV 20-2219-DMG-AGRx, at *6, 2020 WL 4539026, at *6 (C.D. Cal. Aug. 6, 2020) (concluding that a dissolved LLC cannot be served except as it relates to the winding up to the LLC's affairs and assets). Here, the claims against Intuitive Healing Institute do not relate to the winding up of that entity's affairs or the collecting or discharging of obligations. As Plaintiff has not shown that Intuitive Healing Institute, LLC, is an entity that may be sued for the claims alleged, the Motions seeking a default judgment **(ECF 130, 133, 204)** are **denied**.

Based on that same authority, the Court orders Plaintiff to show cause—meaning to explain in writing—why Intuitive Healing Institute, LLC, and the claims against that Defendant should not be dismissed. Plaintiff shall respond to this Order to Show Cause **no later than January 7, 2026**.

### B.     Orange County Entities

Plaintiff also moved for default judgment against the Orange County Clerk-Recorder and the Orange County District Attorney. (ECF 189, 190.) After the notice of default was filed, the two Orange County entities moved for relief from default under Rule 55(c) of the Federal Rules of Civil Procedure. (ECF 193.) As good cause for such relief, the Orange County entities indicated that neither the District Attorney's Office nor the Clerk-Recorder is an entity that may be sued separate from Orange County itself; that Orange County's previously filed Motion to Dismiss (ECF 107) addressed this point; and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 8:25-cv-02174-KK-BFM | **Date:** | December 22, 2025 |

**Title:** *Sushant Gupta v. Christopher M. Brainard, et al.*

==================================================================

these two entities were inadvertently left off the caption for that Motion due to a delay in service. The Orange County entities thus asked for relief from default, and that the two entities be deemed to have joined Orange County's pending Motion to Dismiss. (ECF 193 at 8.)

The Court has broad discretion to set aside a default before entry of a default judgment. *Brady v. U.S.*, 211 F.3d 499, 504 (9th Cir. 2000). The Court exercises that discretion here. It does appear that the Orange County entities were inadvertently omitted as movants in the Orange County Motion, and that Plaintiff was put on notice of Orange County's position with respect to these entities in Orange County's Motion to Dismiss. (*See* ECF 107 at 6.) Plaintiff opposed the motion for relief from default (ECF 199) but did not show how that he would be prejudiced if the Court grants the relief the Orange County Entities seek. Moreover, proceeding on the default judgment motion when Defendants are ready and willing to participate in this action would ignore "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472.

The Court therefore **grants** the motion for relief from default (ECF 193); **denies** Plaintiff's motions for default judgment (ECF 189, 190); and deems the Orange County Clerk-Recorder and the Orange County District Attorney to have joined Orange County's Motion to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 8:25-cv-02174-KK-BFM | **Date:** | December 22, 2025 |

**Title:** *Sushant Gupta v. Christopher M. Brainard, et al.*

===============================================================

### C. Buena Park Police Department and City of Buena Park

Finally, Plaintiff seeks default judgments against Buena Park Police Department and the City of Buena Park. (ECF 191, 192.) His claims against Buena Park and its Police Department rest on allegations that those entities failed to take reports and act on claims of identity theft, misuse of his social security number, forged filings, and other fraudulent activity. (ECF 192 at 3; *see also* ECF 9 at 4, 9, 16-17 (alleging negligence cause of action premised on Buena Park Police Department's failure to investigate complaints).)

Plaintiff argues that default judgment should be entered with respect to his § 1983 claims against the Buena Park Defendants. (ECF 191 at 6 (Buena Park Police Department); ECF 192 at 6 (City of Buena Park).) There are several problems with his argument.

First, Plaintiff does not name either of the Buena Park Defendants in his § 1983 causes of action. (*See* ECF 9 at 15-16; ECF 24 at 15-16.) Indeed, the Buena Park Police Department is not identified in any of the causes of action. (ECF 9 at 15-19; ECF 24 at 15-19.) Even if the Buena Park entities had been named in a § 1983 claim, they would not be liable for a due process violation based on the above facts: "[t]he Due Process Clause is a limitation on state action rather than a guarantee of minimum levels of state protections, so the state's failure to prevent acts of private parties is typically insufficient to establish liability under the Due Process Clause." *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023) (citing *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) ("[T]he Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests."); *Morgan v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| **Case No.:** | 8:25-cv-02174-KK-BFM | **Date:** | December 22, 2025 |

**Title:** *Sushant Gupta v. Christopher M. Brainard, et al.*

====================================================================

*Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007) ("[T]he general rule is that the Fourteenth Amendment does not impose a duty on government officers to protect individuals from third parties.").

Nor has Plaintiff stated nonconclusory allegations that would support a finding that any policy or custom of the Buena Park Police Department was the source of his injury, as is required under *Monell*. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978) (municipalities, including counties and their sheriff's departments, are liable under § 1983 only if an unconstitutional action was caused by an official policy or custom). He indicates only that the Buena Park Police Department declined to take a report in his case (ECF 9 at 4, 9), but liability for improper customs "may not be predicated on isolated or sporadic incidents." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citing *Monell*, 436 U.S. at 691).

For these reasons, the Motions (ECF 191, 192), which seeks entry of a default judgment on § 1983 claims against the City of Buena Park and the Buena Park Police Department, are **denied**.

Moreover, **no later than January 7, 2026,** Plaintiff is ordered to show cause why the Buena Park Defendants should not be dismissed from this action. As noted, Plaintiff has not named the Buena Park Police Department in any cause of action. The City of Buena Park is named in a cause of action for negligence, but Plaintiff has not alleged compliance with the Government Claims Act. His state-law tort claim against the Buena Park Defendants is therefore subject to dismissal. *Martinez v. Cnty. of Riverside*, No. EDCV 22-2144-JGB (SHKx), 2023 WL 4680791, at *3 (C.D. Cal. June 8, 2023) (dismissing state law claims based on failure to allege compliance with Government Claims Act); *California v. Super. Ct.*, 32 Cal. 4th 1234, 1245


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

**Case No.:**  8:25-cv-02174-KK-BFM            **Date:**  December 22, 2025

**Title:**  *Sushant Gupta v. Christopher M. Brainard, et al.*

================================================================

(2004) (failure to allege compliance with presentment requirement subjects a complaint to general demurrer).

**IT IS SO ORDERED.**

cc:    Sushant Gupta, pro se

                                                            Initials of Preparer:    ch