# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

SUSHANT GUPTA,

　　　　　Plaintiff,

　　v.

CHRISTOPHER M. BRAINARD, et al.,

　　　　　Defendants.

No. 8:25-cv-02174-KK-BFM

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Report and Recommendation is submitted to the Honorable Kenly Kiya Kato, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## SUMMARY OF RECOMMENDATION

This Report and Recommendation concerns a civil rights case filed by a pro se litigant. Plaintiff Sushant Gupta filed a lawsuit in Los Angeles County Superior Court alleging fraud. In connection with proceedings in that case, Plaintiff was both declared a vexatious litigant and was sanctioned more than $20,000. Plaintiff then turned around and filed this action in federal court. Here,

Plaintiff alleges that the state-court proceedings violated his right to due process. He seeks declaratory and injunctive relief, including an order preventing enforcement of the vexatious litigant and sanction orders, as well as damages. Plaintiff's federal claims, which are the focus of this Report and Recommendation, name two superior court judges and several state-court clerks. Plaintiff also names one of the defendants in the state-court matter and that defendant's lawyer, alleging that they should be treated as state actors.

The Court recommends that the Third Amended Complaint be dismissed, because Plaintiff's federal claims do not withstand scrutiny. First, his official-capacity claims are barred by the Eleventh Amendment. The Eleventh Amendment bars federal courts from hearing suits against non-consenting states. Judicial officers and court clerks are arms of the State, and Eleventh Amendment immunity therefore extends to them. Moreover, the *Ex Parte Young* exception does not apply to state-court judges and clerks; while that exception generally allows plaintiffs to pursue claims for prospective injunctive and declaratory relief against state officials, such relief is not available against state-court judges or their clerks. Beyond that, these Defendants, as judicial officers and court clerks, are protected by absolute judicial and quasi-judicial immunity, and the narrow exceptions to such immunity do not apply here.

Plaintiff also names two private parties as Defendants in his § 1983 causes of action, but he has not sufficiently alleged that those Defendants should be treated as state actors, a required elements for such claims. As Plaintiff's § 1983 and § 1985 claims fail against all the Defendants named in those counts, and because his only remaining causes of action are state-law claims, the Court recommends dismissing the Third Amended Complaint in its entirety. Moreover, because there is no set of additional facts that could be alleged that would cure these defects, dismissal should be without leave to amend.

**BACKGROUND**

**A.      Prior State-Court Actions**

This federal action relates to a prior state-court action.[1] Plaintiff Sushant Gupta filed a lawsuit in the Los Angeles County Superior Court in June 2024. His complaint alleged breach of contract, fraud, and other causes of action against Lee Ann DiSalvo, Intuitive Healing Institute LLC, and Kristen Lahey. (ECF 121 at 23-42.) Defendant Christopher M. Brainard represented the defendants in that action. (ECF 121 at 47.)

All three Defendants moved to have Plaintiff declared a vexatious litigant. (ECF 121 at 20, 48.) On October 14, 2024, Judge Mark E. Windham held a hearing and issued an order finding Plaintiff to be a vexatious litigant. (ECF 121 at 47-52.) Judge Windham also signed a vexatious litigant prefiling order, which requires Plaintiff to obtain approval before filing any new litigation. (ECF 121 at 54.) Separately, Judge Cindy Panuco sanctioned Plaintiff $23,816.00 on motion of the state-court defendants. (ECF 32-4 at 121-22.)

Plaintiff has at least one pending appeal relating to these matters in the Appellate Division of the Los Angeles County Superior Court. (*See* ECF 121 at 8-11, 56-60.)

**B.      Plaintiff's Factual Allegations**

The factual allegations in Plaintiff's Third Amended Complaint (ECF 24 (TAC)) relate to four general topics: (1) the sanctions order issued by Judge Panuco; (2) the vexatious litigant order issued by Judge Windham; (3) Defendant Brainard's improper conduct throughout the case; and (4) the failure of the Buena Park Police Department, Fullerton Police Department, and Orange

---

[1] The Court references documents attached to the Request for Judicial Notice (ECF 121) to provide context for this matter.

County District Attorney, to respond to Plaintiff's complaints. His allegations, which are taken as true at this stage, are as follows:

Plaintiff dismissed the Superior Court action that he had filed on October 1, 2024; nevertheless, Defendant Brainard filed a sanctions motion for $23,816 against Plaintiff on October 3, 2024. (TAC ¶¶ 8, 17.) The clerks at the Los Angeles County Superior Court accepted the sanctions motion even though the case had been dismissed. (TAC ¶ 8.) In his sanctions motion, Defendant Brainard exaggerated his fees and the costs incurred. (TAC ¶ 19.) Defendant Judge Panuco imposed sanctions without ensuring Defendant Brainard had paid appearance fees for the parties he purported to represent and without ensuring Plaintiff had adequate time to respond. (TAC ¶¶ 8, 18, 24.) Plaintiff alleges that Judge Panuco is biased against him. (TAC ¶ 24.) Defendants Brainard and DiSalvo attempted to enforce the sanctions judgment by collecting funds belonging to Plaintiff and held in escrow by Defendant WFG; they threatened Plaintiff's real estate agent and submitted fraudulent writs and liens to the county recorder and to courts. (TAC ¶¶ 5, 23.)

In the same Superior Court action, Judge Windham declared Plaintiff a vexatious litigant on October 14, 2024. Plaintiff alleges that he does not meet the criteria of California Code of Civil Procedure § 391, because some of the cases Defendant Brainard used to justify the vexatious litigant motion settled— and therefore, were not "finally determined adversely" to him, as Judge Windham would later find. (TAC ¶¶ 6, 21, 27; ECF 121 at 48.) Defendant Brainard submitted a proposed order (the VL-100 form) in relation to that motion but did not serve it on Plaintiff. (TAC ¶ 9.) Judge Windham adopted the proposed order without inquiring whether it had been served on Plaintiff. (TAC ¶¶ 9, 22.)

4

The vexatious litigant order was allegedly submitted on October 14, 2024, but Plaintiff did not appear on the public list of vexatious litigants until May 2025, after he informed the Los Angeles County Superior Court that he was not listed. (TAC ¶ 7.) Plaintiff believes that the VL-100 form was backdated, as the VL-100 form was not available on the Superior Court docket until March or April 2025 and included an address for Plaintiff that he only provided to the Los Angeles County Superior Court in March 2025. (TAC ¶ 7.)

In February 2025, Defendant Brainard attempted to solicit Plaintiff as a client even though Brainard represented an opposing party. (TAC ¶ 10; *see also* TAC at 144-145 (exhibit with text chain reflecting that Brainard talked to a person he believed to be someone other than Plaintiff about suing Plaintiff).) He claims that during that conversation, Defendant Brainard represented that Superior Court judges received a portion of any sanctions imposed. (TAC ¶ 10.)

Plaintiff complained to the Buena Park Police Department, Fullerton Police Department, and Orange County District Attorney; none of these entities took any action on his complaints. (TAC ¶¶ 11, 26.)

**C.    Procedural History**

Plaintiff filed a Complaint in this Court on September 25, 2025. (ECF 1.) He filed a First Amended Complaint on September 29, 2025. (ECF 7.) Without seeking leave to amend, Plaintiff filed a Second Amended Complaint on October 2, 2025. (ECF 9.) The Court issued an order granting leave to amend and accepting the Second Amended Complaint but reminded Plaintiff that he is required to seek leave to file an amended complaint after his first amendment. (ECF 10 at 1 (citing Fed. R. Civ. P. 15(a)(2)). On October 3, 2025, Plaintiff filed the Third Amended Complaint. In it, Plaintiff alleges a § 1983 claim premised on a violation of his procedural due process rights; conspiracy to violate civil rights under §§ 1983 and 1985; fraud, constructive fraud, and abuse of process;

negligence and/or gross negligence; intentional infliction of emotional distress; and harassment and abusive litigation tactics. (TAC at 15-19.) Plaintiff filed a Motion for Leave to File a Fourth Amended Complaint on November 18, 2025. (ECF 115.)[2]

Defendants associated with the Los Angeles County Superior Court[3] filed a motion to dismiss on November 20, 2025. (ECF 120 (Mot.).) They argue that the Third Amended Complaint should be dismissed because: (1) the Court did not have subject matter jurisdiction under *Younger* abstention principles; (2) Plaintiff's claims against the judges and clerks are barred by the Eleventh Amendment; (3) judicial immunity and quasi-judicial immunity barred Plaintiff's claims; (4) the Anti-Injunction Act, 28 U.S.C. § 2283 et seq., barred Plaintiff's requested relief; (5) Plaintiff's Third Amended Complaint failed to state a viable claim for relief; and (6) leave to amend Plaintiff's Third Amendment should be denied as futile. (Mot. at 11-25.) The Judicial Defendants' Motion is fully briefed. (ECF 218-219 (Opp'n); ECF 226 (Reply); ECF 235 (Sur-Reply).)[4]

Several other Defendants also moved to dismiss. (*See* ECF 32 at 11 (Defendants Christopher M. Brainard and Lee Ann DiSalvo); ECF 66

---

[2] As the Judicial Defendants filed their motion to dismiss in relation to Plaintiff's Third Amended Complaint, the Court recommends granting Plaintiff leave to amend his Second Amended Complaint and accepting Plaintiff's Third Amended Complaint as the operative complaint despite Plaintiff's failure to seek leave to amend. *See* Fed. R. Civ. P. 15(a)(2). As addressed below, the Court recommends denying Plaintiff's Motion for Leave to File a Fourth Amended Complaint (ECF 115) as futile.

[3] Defendants Lorena Albino, H. Aldana, Michelle Gonzales, the Judicial Council of California, Judge Cindy Panuco, David Slayton, and Judge Mark E. Windham are referred to as the "Judicial Defendants."

[4] The Court considered Plaintiff's proposed sur-reply in its decision and therefore recommends granting Plaintiff's request for leave to file a sur-reply (ECF 235).

6

(Defendant WFG National Title Company of California, LLC); ECF 107 (County of Orange).) Each of those Motions is also fully briefed.

## ANALYSIS

### A.    Judicial Defendants' Requests for Judicial Notice

Before analyzing the pending Motion, the Court first addresses the Judicial Defendants' requests for judicial notice. Defendants ask the Court take notice of matters from two Los Angeles County Superior Court cases: *Gupta v. DiSalvo, et al.*, Superior Court of California, County of Los Angeles, Case No. 24STLC04501 and *Gupta v. DiSalvo, et al.*, Superior Court of California, County of Los Angeles, Case No. 25APLC00230. (ECF 121.) These include: (1) the docket of *Gupta v. DiSalvo*, Case No. 24STLC04501; (2) Plaintiff's Complaint in *Gupta v. DiSalvo*, Case No. 24STLC04501; (3) a Stipulation and Order to Continue Dates and for Electronic Service in *Gupta v. DiSalvo*, Case No. 24STLC04501; (4) an October 14, 2024 Minute Order Regarding a Hearing on a Motion to Declare Plaintiff Sushant Gupta a Vexatious Litigant in *Gupta v. DiSalvo*, Case No. 24STLC04501; (5) an October 14, 2024 Vexatious Litigant Prefiling Order in *Gupta v. DiSalvo*, Case No. 24STLC04501; and (6) the docket of *Gupta v. DiSalvo, et al.*, Case No. 25APLC00230. (ECF 121.) Plaintiff does not appear to oppose the requests for judicial notice. (*See* ECF 218-219, 235.)

The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is "generally known within the trial court's territorial jurisdiction"; or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts "do not take judicial notice of documents, they take judicial notice of facts. The existence of a document could be such a fact, but only if the other requirements of Rule 201 are met." *Cruz v. Specialized Loan Servicing, LLC*, No. SACV 22-01610-CJC (JDEx), 2022 WL 18228277, at *2 (C.D. Cal. Oct. 14, 2022) (citation

and internal brackets omitted). Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred, that proceedings are ongoing, or that a document was filed or an order issued in a particular case. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). That does not mean, however, that a court may take judicial notice of findings of fact from another case. *Id.*; *Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("[A] court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

Applying that standard here, the Court recommends taking judicial notice of the Superior Court dockets and related documents (ECF 121, Exs. 1-6). Those documents are in the public record and their accuracy cannot be reasonably questioned. Moreover, the procedural history and status of Plaintiff's state-court case provide relevant context for the Motion. Defendants' request for judicial notice (ECF 121) should therefore be **granted**.

## B. Legal Standard

The Judicial Defendants move to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether a complaint alleges grounds for federal subject matter jurisdiction. *Leite v. Crane Co.,* 749 F.3d 1117, 1121-22 (9th Cir. 2014).

Rule 12(b)(6), by contrast, "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) may be based on "either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). To

survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (observing that Rule 8 does not require "detailed factual allegations" but requires more than "labels and conclusions").

When assessing the legal sufficiency of a plaintiff's claims, a court must accept as true all non-conclusory factual allegations contained in the complaint and must construe the complaint in the light most favorable to the plaintiff. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). A court must construe a pro se litigant's pleading liberally and hold a pro se plaintiff's pleading to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

Generally, a court may not consider material outside the complaint in deciding a Rule 12(b)(6) motion. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007) (citation omitted). A court may consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may *not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citations omitted).

9

## C.    Plaintiff Fails To State a Viable Federal Claim

Plaintiff alleges federal causes of action under 42 U.S.C. § 1983 and §1985, premised on an alleged violation of his procedural due process rights and a conspiracy to violate his civil rights. (TAC at 15-16.) For the reasons stated here, the Court concludes that Plaintiff's federal causes of action are barred by the Eleventh Amendment, by principles of judicial and quasi-judicial immunity, and by his failure to state a claim. As such, the Court recommends dismissing Plaintiff's federal claims and declining to exercise jurisdiction over Plaintiff's state law claims.

### 1.    The Eleventh Amendment Bars Plaintiff's Federal Claims Against the Judicial Defendants

In Count One, Plaintiff alleges a claim under § 1983 against: (1) Judges Cindy M. Panuco and Mark E. Windham of the Los Angeles County Superior Court, in their individual capacities; (2) David W. Slayton, Court Executive Officer and Clerk of the Superior Court, in his official capacity; and (3) Hilda Aldana, "Adriana,"[5] and Michele Gonzalez, all of whom have clerk-type roles in

---

[5] Plaintiff has not been able to serve Defendant "Adrina" or "Adriana" (ECF 91) and informed the Court that he was "in strong doubt as to whether 'Adriana' is even a real person." (ECF 94 at 2; *see also* ECF 115 at 2 (Plaintiff alleging that "Adriana" does not exist). Dismissal of "Adriana" on that ground alone would be appropriate. *See McGuckin v. Smith*, 974 F.2d 1050, 1056-57 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) ("Although there does not appear to be an explicit basis either in the Federal Rules of Civil Procedure or in federal statutes for the dismissal of a "nonexistent" defendant on that ground alone, it is likely that district courts have the authority to do so."); *see also Shannon v. GfK Custom Rsch. LLC*, No. 4:13-CV-682 CAS, 2013 WL 4829220, at *6 (E.D. Mo. Sept. 10, 2013), *aff'd* (Nov. 14, 2013) ("Plaintiff cannot state a claim against a nonexistent entity, and therefore his claims against these defendants must be dismissed."). In any event, because the claims alleged against Adriana in the Third Amended Complaint are so similar to the claims against the other two clerks, and because Plaintiff's allegations concerning "Adriana" have changed over time, the Court includes her in the discussion of pending claims.

the Superior Court, and are sued in an unspecified capacity. (TAC at 4-5, 15-16.) With respect to Defendants Slayton, Aldana, "Adriana," and Gonzalez, the Eleventh Amendment bars any claim against these Defendants in their *official* capacities.[6]

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 250 (9th Cir. 1992). That immunity extends to state-court judges sued in their official or judicial capacities, as well as to state-court clerks. *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

Eleventh Amendment immunity is not absolute. States (or arms of a State) can be subject to suit in federal court if: (1) Congress enacts a law that authorizes such a suit, or (2) the state consents to be sued in a federal forum. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). But Congress has not authorized suits against States (or arms of a State) under § 1983 or § 1985. *See Mitchell v. L.A. Cnty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (finding state entities immune from claims for damages

---

[6] Plaintiff appears to go out of his way not to name Judges Panuco and Windham in their official capacity (TAC at 4-5), but as relevant to the likelihood of Plaintiff being able to fix his claims through amendment, the Court notes that the analysis in this section would apply to Judges Panuco and Windham if they were sued in their official capacity.

Relatedly, while Plaintiff does not name Defendant Judicial Council of California in any claims, he requests declaratory and injunctive relief from that entity: removal of his name from the vexatious litigant list and prohibition of enforcing vexatious litigant restrictions against him. (TAC at 25.) But the same immunity analysis applies, as Eleventh Amendment immunity extends to the Judicial Council of California. *D'Souza v. Guerrero*, No. 24-2537, 2025 WL 636706, at *1 (9th Cir. Feb. 27, 2025). Any attempts to amend his complaint to allege further claims against Defendant Judicial Council of California would therefore be futile.

and injunctive relief under § 1983), *abrogated on other grounds as recognized in Crowe v. Ore. St. Bar*, 112 F.4th 1218, 1228-29 (9th Cir. 2024); *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972, 975 (9th Cir.1994) (holding that the Eleventh Amendment bars §§ 1983, 1985, and 1986 claims against the states). Nor has California consented to such claims. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (noting that California has not waived its Eleventh Amendment immunity with respect to § 1983 claims). As such, neither of these exceptions is applicable.

The Eleventh Amendment clearly bars Plaintiff's claims for money damages against the Judicial Defendants sued in their official capacity. Plaintiff nevertheless argues that his claim for certain forms of relief can go forward under *Ex Parte Young*. (Opp'n at 28.) Under *Ex Parte Young*, the Eleventh Amendment does not bar a claim against state officials, sued in their official capacity, for prospective declaratory and injunctive relief. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011). Setting aside any doubt about whether the relief Plaintiff seeks is truly *prospective* in nature, *Ex Parte Young* is a narrow exception to Eleventh Amendment immunity and does not cover Plaintiff's claims. Specifically, *Ex Parte Young* "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health*, 595 U.S. at 39. Judges and clerks "do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties." *Id.* And errors made by state courts may be remedied through the appeals process. *See id.* As such, state-court judges and their clerks "cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 981 (9th Cir. 2024); *Hornemann v. Leal*, No. 1:23-

12

cv-01615-JLT-CDB, 2024 WL 557784, at *3 (E.D. Cal. Feb. 12, 2024) (presuming that, under *Whole Woman's Health*, state-court clerks are also entitled to immunity), report and recommendation adopted, 2024 WL 1181795 (E.D. Cal. Mar. 19, 2024).

Under *Munoz*, then, it is no answer that Plaintiff only seeks prospective injunctive and declaratory relief (Opp'n at 28); such forms of relief are barred against judges and clerks. *Berman v. Brown*, No. 24-787, 2025 WL 1778824, at *1 (9th Cir. June 27, 2025) (finding that *Munoz* bars claims seeking both injunctive relief and prospective declaratory relief). The Court thus recommends dismissing Plaintiff's claim against the Judicial Defendant, to the extent they are sued in their official capacities.

**2.    Judicial Immunity Bars Plaintiff's Individual Capacity Claims**

Plaintiff's individual-capacity claims against the Judicial Defendants are barred by judicial immunity.

*a.    Plaintiff's Claims are Barred Against Judge Panuco and Judge Windham*

Judges are absolutely immune from civil liability for damages with respect to their judicial acts. *Mullis v. U.S. Bank. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). A "judicial act" is immune from suit for monetary damages where: (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvell v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (citation omitted). Here, Plaintiff's complaints center on orders Judge Panuco and Judge Windham issued in his cases (TAC at 10-16), and issuing orders is the quintessential

13

judicial function protected by judicial immunity.

Plaintiff contends that Judge Windham is not entitled to judicial immunity given procedural irregularities in the state-court case. (Opp'n at 26.) But, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The Supreme Court illustrated the difference between exceeding one's jurisdiction and acting in the absence of jurisdiction: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Id.*

Plaintiff attempts to distinguish this case from cases where immunity was found, emphasizing his allegations concerning fabrication of service documents and disqualification challenges. (Opp'n at 26.) But these alleged procedural errors appear to be precisely the type of errors that *Stump* said would *not* strip a judge of immunity. *Stump*, 435 U.S. at 360 (rejecting argument that judge's "approval of the petition was not a judicial act because the petition was not given a docket number, was not placed on file with the clerk's office, and was approved in an *ex parte* proceeding without notice to the minor, without a hearing, and without the appointment of a guardian ad litem"). Absolute judicial immunity therefore bars Plaintiff's claims for damages against Judges Windham and Panuco.

State judges do not enjoy immunity from actions for prospective equitable or injunctive relief brought under 42 U.S.C. § 1983. *See Pulliam v. Allen*, 466

14

U.S. 522, 541-42 (1984). But such relief is not available in an individual capacity suits against a judge. *Peterson v. State Bar of California*, No. CV 25-4664-MWC (AGR), 2025 WL 2371819, at \*3 (C.D. Cal. July 18, 2025) ("Although Plaintiff also sues [a California state-court judge] in his individual capacity, the injunctive relief requested in the complaint would be available, if at all, only in a judicial capacity suit."); *see also Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004) (finding, with respect to suit to enjoin enforcement of vexatious litigant statute, that while the individual defendants were sued in their personal capacities, "the declaratory and injunctive relief Wolfe seeks is only available in an official capacity suit"), *overruled in part on other grounds by Munoz*, 91 F.4th 977.

The claims against Judges Panuco and Windham in their individual capacities are thus barred by judicial immunity.

> b. *Quasi-Judicial Immunity Bars Plaintiff's Claims Against Superior Court Clerks*

Plaintiff's claims against Defendants Slayton, Aldana, Albino, "Adriana," and Gonzalez are similarly barred by absolute quasi-judicial immunity. Court clerks "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390.

Plaintiff argues that quasi-judicial immunity does not apply, categorizing Defendants Slayton, Aldana, Albino,[7] "Adriana," and Gonzalez's actions as administrative. (Opp'n at 27-28.) Whether they are administrative in nature or not, they are all tasks integral to the judicial process. Plaintiff sues Defendant Albino "for her role in processing and forwarding vexatious-litigant prefiling

---

[7] Plaintiff did not include Defendant Albino in Count One (or indeed, in any count in the Third Amended Complaint, TAC at 15-16), but since he discusses her in his Opposition (Opp'n at 15), the Court includes her in this discussion.

15

orders despite errors, omissions, or premature filings in violation of Plaintiffs due process rights" and for failing "to ensure validity before sending plaintiff's name on vexatious litigant index, contributing to reputational and procedural damage." (TAC at 5, 26.) Defendant Slayton is sued "for his role in accepting unauthorized filings." (TAC at 4, 23.) Defendant Gonzalez is alleged to have backdated forms and processed files with false information, while Defendant Aldana is alleged to have processed documents without proper fee payment or legal authority. (TAC at 5, 23-24.) Defendant "Adriana" is alleged to have facilitated or authenticated false documents without due process. (TAC at 5.)

Even if there were errors in Defendants' handling of these tasks, all of these functions are integral to the judicial process. *Saintal-Bowman v. Eighth Jud. Dist. Ct.*, No. 2:25-CV-01243-CDS-EJY, 2025 WL 2211292, at \*1 (D. Nev. Aug. 4, 2025) ("[E]ven if the [court clerk] defendants refused to file [plaintiff's] documents, the decision to accept and file documents is a basic and integral part of the judicial process."). Defendants Slayton, Aldana, Albino, "Adriana," and Gonzalez therefore have absolute quasi-judicial immunity from suit. *Id.* ("The complaint makes no allegation that the defendants acted outside of their role as court clerks therefore the defendants are immune from suit as a matter of law and cannot be sued under 42 U.S.C. § 1983.").

**3.      Defendants Brainard and DiSalvo Are Not State Actors And Cannot be Sued Under § 1983**

Plaintiff names Defendants Brainard and DiSalvo in his § 1983 claims. (TAC at 15-16.) Defendants Brainard and DiSalvo moved to dismiss the Third Amended Complaint for lack of federal jurisdiction. (ECF 32 at 7.) Though their argument about the lack of federal question jurisdiction is not perfectly clear, the Court is nevertheless required to examine its own jurisdiction and thus considers whether any § 1983 claim can be stated against Defendants Brainard

or DiSalvo. After reviewing Plaintiff's allegations, the Court concludes that no § 1983 claim is stated against either party, and therefore recommends dismissal on the § 1983 claims against them as well.

Private parties cannot be sued under § 1983 absent sufficient allegations that they have colluded with state actors. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action" and a plaintiff "bears the burden of establishing that Defendants were state actors.") A party may be treated as a state actor if he conspired with state officials or engaged in joint activity. *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991). But conclusory allegations that the individual was conspiring with state actors do not suffice. *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot sue [former opposing] counsel under § 1983, because he is a lawyer in private practice who was not acting under color of state law" and because his "conclusory allegations that the lawyer was conspiring with state officers . . . are insufficient"); *Schreiner v. Hulbert*, 135 F. App'x 962, 963 (9th Cir. 2005) (summary judgment properly granted where plaintiff did not prove that attorney in marital dissolution proceedings was state actor).

Here, Plaintiff only provides conclusory allegations concerning this collusion between Brainard, DiSalvo, and state actors; he alleges that they "knowingly conspired with public officials and used court procedures to inflict harm through fraudulently filed liens, misuse of judicial processes (e.g., false writs, forged notices of sale), and the abusive application of vexatious litigant laws." (TAC at 16.) Such conclusory allegations do not give rise to an inference that Defendants Brainard or DiSalvo conspired with state officers. Besides, a private party's use of the court system to accomplish his or her own ends does not convert that private party into a state actor. *Dennis v. Sparks*, 449 U.S. 24,

17

28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

The Court thus recommends dismissing Plaintiff's § 1983 claims against Defendants Brainard and DiSalvo.

### 4.    Plaintiff's § 1985 Claims Fail

Plaintiff also alleges a violation of § 1985 for conspiracy to violate civil rights. (TAC at 16.) As noted above, Plaintiff's § 1985 claim is barred under the Eleventh Amendment against any Judicial Defendant in their official capacity, and by judicial or quasi-judicial immunity against any Judicial Defendant sued in their individual capacity. Section 1985 does not have the same state-action requirement as § 1983, but Plaintiff's allegations nevertheless fail against Defendants Brainard and DiSalvo as well.

To state a claim under § 1985(3),[8] a plaintiff must not only allege a conspiracy to interfere with a person's rights, but must also allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) *see also Pasadena Republican Club v. W. Just. Ctr.*, 424 F. Supp. 3d 861, 878 (C.D. Cal. 2019) ("Under Ninth Circuit case law, § 1985(3)—which was adopted to address racially motivated conspiracies—applies to other types of class-based animus where there has been a 'governmental determination that such a class merits special protection.'") (citation omitted). The only hint of an allegation along these lines in the Third Amended Complaint is a statement, attributed to Defendant DiSalvo, that Plaintiff did not come to court because he lacked legal status in the United States, and that he "should go back to India." (TAC at 11.) Even assuming Defendant DiSalvo made that statement, a single statement by

---

[8] Though Plaintiff does not specify which subsection of § 1985 applies to his case, it would appear that § 1985(3) most closely fits the facts he alleges.

18

one individual does not give rise to an inference that racial animus was the motivation for the conspirators' actions more generally. *Freeman v. Zilliox*, No. EDCV 22-0097 DSF (AS), 2022 WL 2057740, at *7 (C.D. Cal. Apr. 29, 2022) (single incident of racist statements was insufficient to demonstrate broader "racially motivated conspiracy" for § 1985(3)).

In any event, where a plaintiff's § 1985(3) claim is premised on interference with a First Amendment right—as Plaintiff's is here (TAC at 16)—he must allege that some state actor was involved in the alleged conspiracy. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) ("[A]n alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy.") (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 830 (1983)). As noted above, Plaintiff's allegations concerning any conspiracy with state actors are vanishingly thin. Plaintiff has not, therefore, stated a § 1985 claim against any Defendant.

### 5. The Court Lacks Jurisdiction Regarding Plaintiff's Remaining State Law Claims

Given the recommendation for dismissal of Plaintiff's §§ 1983 and 1985 claims, no apparent basis for federal jurisdiction exists. Plaintiff's Third Amended Complaint also includes state law causes of action for fraud, abuse of process, negligence, intentional infliction of emotional distress, and abusive litigation practices. (TAC at 16-19.) But none of these causes of action explicitly invokes any federal constitutional provision or federal statute and the Court does not perceive any viable federal claim in any of these causes of action; they all appear to be premised on state law.

To have such claims heard in federal court, there would have to be a related federal question present in his case; if there is not, this Court lacks

jurisdiction over his state claims. *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). Claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Id.*; *see also White v. White*, 731 F.2d 1440, 1442 (9th Cir. 1984) ("Federal jurisdiction exists if a complaint claims a right to recover under the Constitution and laws of the United States and the claim is not wholly insubstantial and frivolous"). Even where a claim is not *so* insubstantial as to cross that threshold, a court may decline jurisdiction over state-law claims where the only federal claims are dismissed at an early stage of the case. 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). Because the Court concludes that the Third Amended Complaint fails to state any viable federal claim, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissing them without prejudice.

**D.    Further Leave to Amend Would Be Futile**

The Court recommends denying the pending request for leave to amend (ECF 115) and denying further leave to amend. As a general matter, leave to amend should generally be given freely. A court need not give leave to amend, however, where further amendment would be futile. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Amendment is futile where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal citation and quotation marks omitted). Moreover, where a plaintiff has previously amended his complaint, a court's discretion to deny further leave to amend is "particularly broad." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir.

20

1996).

Here, Plaintiff cannot cure the Eleventh Amendment and judicial immunity problems in his Complaint by alleging additional facts consistent with those he has already averred. Furthermore, the Court has already considered four versions of the Complaint, amounting to hundreds of pages of allegations and exhibits. (*See* ECF 1, 7, 9, 24.) The Court has also considered Plaintiff's proposed Fourth Amended Complaint (ECF 115), which alleges essentially the same facts with respect to Plaintiff's federal causes of action. Despite this ample opportunity to articulate his claims, Plaintiff has not come close to alleging facts amounting to a viable federal cause of action. The Court concludes that further leave to amend would be futile and therefore recommends that Plaintiff's Motion for Leave to File a Fourth Amended Complaint (ECF 115) be denied and that no further leave to amend be permitted.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the District Judge issue an Order:

(1) accepting and adopting this Report and Recommendation;

(2) construing Plaintiff's filing of a Third Amended Complaint as a request for leave to amend his Second Amended Complaint and accepting the Third Amended Complaint (ECF 24) as Plaintiff's operative complaint;

(3) granting Plaintiff's request for leave to file his proposed sur-reply (ECF 235);

(4) granting the Judicial Defendants' Request for Judicial Notice (ECF 121);

(5) granting the Judicial Defendants' Motion to Dismiss (ECF 120);

(6) granting Defendant DiSalvo and Brainard's Motion to Dismiss (ECF 32) insofar as it argues that federal jurisdiction is lacking;

21

(7) denying Plaintiff's Motion for Leave to File Fourth Amended Complaint (ECF 115) and declining further leave to amend the dismissed claims; and

(8) dismissing Plaintiff's federal claims with prejudice and his state law claims without prejudice; and

(9) entering judgment dismissing this action consistent with the order adopting this Report and Recommendation.

DATED: February 6, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the United States Court of Appeals for the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.